Matter of Attorneys in Violation of Judiciary Law § 468-a (Shrier) (2023 NY Slip Op 01564)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Shrier)

2023 NY Slip Op 01564

Decided on March 23, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023 

PM-55-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Abigail Krauser Shrier, Respondent. (Attorney Registration No. 4400370.)

Calendar Date:December 19, 2022

Before:

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Abigail Krauser Shrier, Los Angeles, California, respondent pro se.

Respondent was admitted to practice by this Court in 2006 and resides in Los Angeles, California, where she is self-employed as an author. Respondent was suspended from practice by September 2022 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2018 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d 1421, 1442 [3d Dept 2022]). She cured her registration delinquency in October 2022 and now applies for reinstatement and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). Petitioner advises this Court that it does not oppose either aspect of respondent's motion and defers to this Court's discretion as to the disposition of same.[FN1]
Upon reading respondent's reinstatement affidavit sworn to November 8, 2022, her nondisciplinary resignation affidavit sworn to October 4, 2022, and upon reading the December 14, 2022 correspondence in response by the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the Rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law, we grant her motion for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, 1308 [3d Dept 2022]). Further, having determined that respondent is eligible to resign for nondisciplinary reasons, we grant her application and accept her resignation.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date [*2]of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has not advised this Court as to its disposition, though it was appropriately noticed of respondent's motion.